IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONTE BURRIS,   *

   Plaintiff   *

     v.   *   Civil Action No. DKC-17-2766

OFFICER D HOFFMAN, *et al.*,   *

   Defendants   *

***

## MEMORANDUM OPINION

Plaintiff Donte Burris filed this 42 U.S.C. § 1983 action, alleging that correctional officers assaulted him. ECF No. 1. Defendants have filed a motion to dismiss or, in the alternative, motion for summary judgment. ECF No. 18. Although advised of his right to do so, ECF No. 19, and granted a two-month extension to file, ECF No. 21, Plaintiff has not responded to Defendants' motion, and the time for doing so has expired. The matter is now ripe for review. For the reasons that follow, Defendant's motion, construed as a motion for summary judgment, will be GRANTED.

## BACKGROUND

On September 18, 2017, the court received this unverified civil rights complaint from Plaintiff, an inmate currently confined at the North Branch Correctional Institution. Plaintiff names Maryland Correction Institution at Hagerstown Officers Hoffman, Fox, and Kibler as Defendants. ECF No. 1 at 1. As his sole claim, Plaintiff alleges: "[o]n November 4, 2015, [I] was assault[ed] by 3 Maryland correctional institution correctional officers. Hit in face, kicked in the posterior and pushed and kicked to the floor." *Id.* at 2. The complaint provides no additional details about the assault, such as the role of each Defendant in the assault, the factual context surrounding the assault, or a description of any resulting injuries.[1]

---

[1] In 2015, Plaintiff filed a complaint concerning the assault that contained slightly more detail. *Burris v. Hoffman*, No. DKC-15-3773, ECF No. 1 at 3-4. The action was dismissed without prejudice because Plaintiff failed to exhaust his administrative remedies.

Defendants have filed an unopposed motion to dismiss or, in the alternative, motion for summary judgment, along with a Serious Incident Report (SIR) dated November 9, 2015, that contains statements from each Defendant about the November 4, 2015 incident, and affidavits from each Defendant swearing to the truth of the statements he made as part of the SIR. ECF Nos. 18, 18-4 at 8-13, 18-7, 18-8, 18-9. According to Defendant Kibler's statement about the incident in question, he was conducting a cell search when Plaintiff became disruptive and tried "to incite the tier in a negative manner." ECF No. 18-4 at 9. Defendant Kibler, later assisted by Defendants Fox and Hoffman, attempted to escort Plaintiff off of the tier. *Id.* As the three Defendants reported in their SIR statements, Burris was physically combative during the escort. He clawed at Kibler and Hoffman to the point of drawing blood, bit Kibler, jerked away from the officers and fell on the floor in an effort to free himself, and kicked at the officers when he was on the ground. *Id.* at 9, 11, 13; *see also id.* at 28, 30-31 (photographs of Defendants Kibler and Hoffman taken after incident, showing minor open wounds). The officers stated that, eventually, they placed Plaintiff on the floor to allow Hoffman to put leg irons on Plaintiff. *Id.* at 11, 13. As Hoffman was doing so, he observed a bulge in Plaintiff's pant leg, and "pulled out several needles and other tattoo paraphenelia [sic] from the pants leg." *Id.* at 13. Plaintiff threatened to spit on and kill the officers . *Id.* at 11, 13. Another officer placed a spit mask on Plaintiff, and Plaintiff was taken to the shower, placed on his side, and the door was secured. *Id.* at 11.

Shortly thereafter, Plaintiff was evaluated by a physician's assistant, who noted that Plaintiff "had a small 5cm x 2 cm scrape on [his] shoulder secondary to scraping on the cell." *Id.* at 25. According to the SIR, Plaintiff's injury was treated with "ointment and gauze," before he was transported to another facility. *Id.* at 4; *see also id.* at 32-33 (photographs of Plaintiff taken after incident, showing gauze bandage on left shoulder). Although Plaintiff was charged with numerous inmate violations in connection with the incident, all of these charges were dismissed

because Plaintiff's new facility, where the disciplinary hearing was conducted, was not provided with any evidence regarding the incident. ECF No. 18-5 at 56.

## STANDARD OF REVIEW

Defendants' dispositive motion is styled as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dep't, Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998). Because Defendants have filed and relied on declarations and exhibits attached to their dispositive motion, their motion will be treated as one for summary judgment.

Summary judgment is governed by Rule 56(a), which provides in relevant part that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In analyzing a summary judgment motion, the court should "view the evidence in the light most favorable to ... the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45

3

(4th Cir. 2002); *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting former Fed. R. Civ. P. 56(e)). Because Plaintiff is proceeding pro se, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the court must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted).

## DISCUSSION

Whether force used by prison officials was excessive under the Eighth Amendment is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). This court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010). The extent of injury incurred is one factor indicative of whether or not the force used was necessary in a particular situation, but if force is applied maliciously and sadistically, liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id.* at 38.

Plaintiff has failed to allege sufficiently—much less provide supporting evidence—that Defendants acted with any malicious intent or that the use of force was undertaken for any

4

purpose other than to control Plaintiff.  In contrast, Defendants have provided unrefuted evidence in the form of sworn Declarations affirming that the force they used was employed to remove Plaintiff from the tier and subdue him after he assaulted the officers and repeatedly endeavored to run away from them.  ECF No. 18-4 at 9, 11, 13; ECF Nos. 18-7, 18-8, 18-9.  Once the guards had shackled Plaintiff's legs and secured him in the shower, they did not exert additional force, indicating that the force used was tailored to the goal of removing and restraining Plaintiff.  ECF No. 18-4 at 11.  Although Plaintiff received a minor injury on his shoulder during the altercation, the undisputed evidence is that he did not suffer serious or lasting injury, he promptly received medical attention for the injury, and he caused some of the Defendants to suffer similar injuries.  *Id.* at 4, 25, 28, 30-33.  Thus, Plaintiff has failed to create a question of material fact as to whether the force used was excessive under the Eighth Amendment, and Defendants are entitled to summary judgment.

## CONCLUSION

Accordingly, Defendants' dispositive motion, construed as a motion for summary judgment, will be granted.  A separate Order follows.

July 17, 2018 　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　　　DEBORAH K. CHASANOW
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge